Order, Supreme Court, New York County (Melvin L. Schweitzer, J.), entered August 15, 2012, which, to the extent appealed from as limited by the briefs, granted defendants Banco de la Producción S.A. (Produbanco) and Rodrigo Paz Delgado’s motion to dismiss the complaint as against Produbanco for lack of personal jurisdiction, and granted their motion and defendants Inmoholdings, Inc. and Aberlardo Pachano Bertero’s motion to dismiss. the first cause of action, unanimously affirmed, with costs.
Defendant Produbanco is not a signatory to the letter of intent (LOI) that contains the forum selection clause. The LOI contemplates a sale to plaintiff of some 58% of the shares of Produbanco by certain shareholders. It is clear from the nature of the transaction that Produbanco has no obligations and no rights implicated in it. Thus, Produbanco cannot be bound by the forum selection clause (see Tate & Lyle Ingredients Ams., Inc. v Whitefox Tech. USA, Inc., 98 AD3d 401 [1st Dept 2012]).
The absence of a signed stock purchase agreement is fatal to plaintiff’s first cause of action, which alleges breach of that agreement, since the parties expressly stated in the LOI that they were not to be bound to complete the transaction absent a definitive, executed and delivered agreement (see Brause v Goldman, 10 AD2d 328, 332 [1st Dept 1960], affd 9 NY2d 620 [1961]). Concur — Mazzarelli, J.P., Sweeny, Moskowitz, Manzanet-Daniels and Gische, JJ.
Motion to strike portions of plaintiff’s reply brief denied.